IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 09-719-01** |
| **v.** | : | |
| | : | |
| **MY NGUYEN** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                              OCTOBER 27, 2022

## MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is Defendant My Nguyen's ("Nguyen") motion for reduction of sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), premised on his contention that extraordinary and compelling reasons warrant a reduction of his sentence. (Doc. 161). The Government opposes the motion. (Doc. 162).[1] Following a review of the motion and response, this Court finds that Nguyen has failed to establish any extraordinary and compelling reasons that would warrant a reduction of his sentence. Therefore, Nguyen's motion is denied.

**BACKGROUND**

On August 20, 2009, Nguyen, then nineteen years old, and co-defendant Phuong Le carried out two gunpoint robberies of convenience stores in South Philadelphia. During both of these robberies, Nguyen fired a firearm inside the store in the direction of the store clerks to compel them to meet his demands. On that same day, Nguyen carried out a third gunpoint robbery of

---

[1] This Court has also considered Defendant's notice of supplemental authority, (Doc. 163), and the Government's response thereto, (Doc. 164).

another convenience store on his own. No one was physically injured during the three robberies. Nguyen and Le were arrested two days later.

On November 10, 2009, Nguyen was charged by indictment with one count of conspiracy to commit robbery that interferes with interstate commerce (also known as Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a); three counts of robbery that interferes with interstate commerce, in violation of 18 U.S.C. § 1951(a); three counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and aiding and abetting, in violation of 18 U.S.C. § 2. On March 1, 2010, Nguyen pleaded guilty to all counts of the indictment.

At the sentencing hearing on August 4, 2011, the Government elected to dismiss the last of the § 924(c) charges to spare Nguyen an additional mandatory, consecutive 25-year term of imprisonment that applied for that offense, and to achieve a sentence the Government deemed appropriate but not excessive. (*See* Doc. 164). The Court[2] sentenced Nguyen to a total mandatory term of 420 months (35 years) plus one consecutive day of imprisonment, followed by five years of supervised release, a $5,000.00 fine, and $600.00 in special assessment. (Doc. 94). The version of 18 U.S.C. § 924(c) at the time of Nguyen's sentencing required a mandatory, consecutive 25-year term for each successive § 924(c) conviction, even when all offenses were prosecuted in the same case. *See Deal v. United States*, 508 U.S. 129, 133–34 (1993). Consequently, Nguyen was sentenced to a ten-year mandatory term on the first of his § 924(c) offenses and a consecutive term of 25 years for the second. He is currently serving his sentence at Federal Correctional Institution Berlin ("FCI Berlin"), where he has served 12 years of his 35-year sentence.

---

[2] This matter was originally assigned to the Honorable Petrese B. Tucker, who presided over Nguyen's sentencing. This matter was reassigned to the undersigned on August 5, 2022. (Doc. 165).

**LEGAL STANDARD**

A sentence of imprisonment may be modified by a district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 824 (2015). The United States Congress ("Congress") passed the First Step Act in 2018, in part, to reduce the growing population in the federal prison system. *See United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019). Under the First Step Act, a defendant may ask a district court to reduce his/her sentence for "extraordinary and compelling reasons." 18U.S.C. § 3582(c)(1)(A)(i). The First Step Act does not define what qualifies as "extraordinary" and "compelling reasons," but the United States Sentencing Commission has issued a policy statement addressing the topic. The policy statement gives four circumstances under which extraordinary and compelling reasons could exist: (1) medical condition; (2) age; (3) family circumstances; and (4) other reasons as determined by the Director of the BOP. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D). The policy statement is not binding on district courts, but "it still sheds light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). After showing "extraordinary and compelling reasons" for a reduction, the defendant must then demonstrate that the reduction "is consistent with the applicable policy statements issued by the Sentencing Commission" and that the sentencing factors set forth in § 3553(a), to the extent that they are applicable, warrant a reduction. *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021).[3]

---

[3] A defendant may only move for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). When a defendant "fail[s] to comply with § 3582(c)(1)(A)'s exhaustion requirement . . . it presents a glaring roadblock foreclosing compassionate release at this point." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Here, Nguyen filed a request for compassionate release with the Warden at FCI Berlin, which was denied. There is no disagreement that Nguyen properly exhausted his administrative remedies, and the exhaustion is demonstrated through the documentation Defendant attached to his motion.

The First Step Act also amended prior sentencing guidelines for offenses under § 924(c). *See* First Step Act of 2018, Pub. L. No. 115-391, § 403(a). Section 924(c) originally imposed on defendants "a term of imprisonment not less than 25 years" for every "second or subsequent conviction under this subsection." *See* 18 U.S.C. § 924(c)(1)(C)(i) (2009) (amended by First Step Act § 403(a)).[4] The practice of adding mandatory 25-year sentences with each violation, even if charged in a single case, is known as "stacking." The First Step Act revised § 924(c) to only subject defendants to stacking of 25-year sentences for "violation[s] of this subsection that occurs *after a prior conviction under this subsection has become final*." First Step Act § 403(a) (emphasis added). Congress, however, explicitly foreclosed the possibility that this amendment would apply retroactively. *See id.* § 403(b) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").

**DISCUSSION**

Nguyen argues two primary grounds in support of his motion for compassionate release, *to wit*: (1) Congress's change to the "stacking" provision of 18 U.S.C. § 924(c); and (2) his significant rehabilitation. The Government argues, however, that Nguyen's reliance on these two proffered "extraordinary and compelling reasons," individually and together, is misplaced in light of the United States Court of Appeals for the Third Circuit's (the "Third Circuit") decision in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021). This Court agrees with the Government.

Initially, Nguyen argues that Congress's change to 18 U.S.C. § 924(c) constitutes an extraordinary and compelling reason to reduce his sentence. In support, Nguyen asserts that he should be released early because his sentence would be shorter if he were sentenced for the same

---

[4]  Nguyen was sentenced under this prior version of 18 U.S.C. § 924(c).

4

crimes today. It is true that Nguyen's original sentence was elevated because, at the time, each additional § 924(c) violation carried a consecutive 25-year mandatory minimum. *See* 18 U.S.C. § 924(c)(1)(C)(i) (2009) (amended by First Step Act § 403(a)). Today, the same section, now amended by the First Step Act, no longer provides for the same stacking of 25-year minimums for additional offenses unless the defendant has already been convicted of a § 924(c) offense at the time of the offense(s) defendant is facing. *See* First Step Act § 403(a). In other words, when sentencing defendants, judges no longer stack 25-year consecutive minimums for violations that occur in the same case, as in Nguyen's case. Here, the parties agree that if Nguyen were sentenced for the same offenses today, the mandatory minimum for his second violation of § 924 would be seven years instead of 25 years.[5] *See* 18 U.S.C. § 924(c)(1)(A)(ii) ("[A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm . . . in furtherance of any such crime . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years."). Based on the change of law, Nguyen argues that his current sentence is overly harsh and qualifies as an extraordinary and compelling reason to reduce his sentence. Nguyen is mistaken.

The Third Circuit addressed this exact issue in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021). In *Andrews*, the defendant, like Nguyen, was convicted of multiple § 924(c) offenses in a single case and was sentenced under the prior version of § 924(c). 12 F.4th at 256. Therein,

---

[5] In its response, the Government also argues that while the new law does not apply to Nguyen, it bears noting that his sentence would likely not be significantly lower if it did. Under current law, the statutory requirement that each § 924(c) sentence must run consecutively to each other and to any other sentence imposed would apply. Nguyen pled guilty to three § 924(c) charges, and the Government argues that today it would not dismiss the third charge, a beneficial action it took only to spare him the draconian 25-year term that applied at the time for that crime on top of another 25-year term that was required for the second § 924(c) charge. Today, Nguyen would be subject to a mandatory 10-year term on each of the first two §924(c) counts (in each of which he discharged a firearm), and a mandatory consecutive 7-year term on the third charge (where he brandished the firearm), for a total of 27 years. The advisory guideline range under current law would be 375 to 387 months, approximately three to four years below the term of 420 months previously imposed. Nguyen has served only 12 years, substantially below what his sentence would be today.

if the defendant had been sentenced *after* Congress passed the First Step Act, he would have been subject to a mandatory minimum term of 91 years. *Id.* Instead, he was sentenced before the passage of the First Step Act to a mandatory minimum of 312 years. *Id.* Despite the stark contrast in the length of sentences, the Third Circuit determined that there were not extraordinary and compelling reasons to reduce his 312-year sentence. *Id.* at 260–61. The Third Circuit further reasoned that "Congress specifically decided that the changes to the § 924(c) mandatory minimums would not apply to people who had already been sentenced." *Id.* at 261; *see also* First Step Act § 403(b). "'[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced.'" *Id.* (quoting *Dorsey v. United States*, 567 U.S. 260, 280 (2012)). The Third Circuit made clear that it would "not construe Congress's nonretroactivity directive as simultaneously creating an extraordinary and compelling reason for early release." *Id.* The court further indicated that "considering the length of a statutorily mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties." *Id.* The Third Circuit determined that the defendant's 312-year sentence in *Andrews* was not extraordinary because "there is nothing extraordinary about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." *Id.* at 260.

Even though Nguyen would not receive the same sentence today for committing the exact same offenses, the sentence imposed was lawful at the time. The Third Circuit further indicated that, "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." *Id.* at 260–61. As such, Congress's amendment to § 924(c) cannot be applied retroactively for Nguyen, and the length of his sentence, no matter how long, is not an extraordinary and compelling reason for early release. *See id.* at 260–62.

Likely recognizing the direct and binding nature of *Andrews*, Nguyen swerves twice in order to avoid its authority. First, in a footnote that stands in contrast to the arguments in the body of his brief, Nguyen states that he is not seeking a retroactive application of the change to § 924(c) but rather consideration of the change in law as simply "one factor, in combination with others." (Nguyen's Br., Doc. 161, at p. 10 n.2). In support, Nguyen points to a purported "growing consensus among the majority of federal courts [] that Congress' change to 18 U.S.C. § 924(c) 'constitutes an extraordinary and compelling reason for a sentence reduction . . . at least when considered in conjunction with [] other reasons.'" (*Id.* (quoting *United States v. Young*, 458 F. Supp. 3d 838, 848 (M.D. Tenn. 2020)). However, to the extent Nguyen's cited cases demonstrate any such "growing consensus," this alleged growth is outside this circuit and/or predates the Third Circuit's decision in *Andrews*.[6] In this Circuit, *Andrews* is the law.

Next, Nguyen attempts to avoid *Andrews* by distinguishing it. Specifically, he points to the fact that Andrews committed thirteen robberies in a month, while Nguyen committed only three in one day, and Nguyen has served a "significant portion of his sentence." (Nguyen's Br., Doc. 161, at p. 11). While these distinguishing facts might be relevant to a court's consideration of the § 3553(a) sentencing factors (the third step for compassionate release), they do not save Nguyen from the Third Circuit's clear holding in *Andrews* that "[t]he nonretroactive changes to the § 924(c) mandatory minimums [] cannot be a basis for compassionate release." 12 F.4th at 261.

---

[6] Notably, all of the cases from this District cited by Nguyen predate *Andrews*. *See United States v. Randall*, 2021 WL 922077 (E.D. Pa. Mar. 11, 2021); *United States v. Avery*, 2021 WL 94982 (E.D. Pa. Mar. 12, 2021); *United States v. Ezell*, 2021 WL 510293 (E.D. Pa. Feb. 11, 2021); *United States v. Pollard*, 2020 WL 4674126 (Aug. 12, 2020); *United States v. Clausen*, 2020 WL 4260795 (E.D. Pa. July 24, 2020). Indeed, two of these cases, *Randall* and *Avery*, have been vacated by the Third Circuit. *United States v. Randall*, 2022 WL 1238085 (3d Cir. Mar. 10, 2022); *United States v. Avery*, 2022 WL 1237932 (3d Cir. Mar. 3, 2022).

Nguyen also argues that the Court should consider his significant rehabilitation as an additional factor that supports a reduction of his sentence. Nguyen points to the facts that while in custody, he has held several employment positions, including with UNICOR and the Commissary, earned his GED, and completed drug addiction programming and other educational courses that provide life skills for outside the prison. While his efforts to rehabilitate are commendable, Congress, however, has expressly determined "that rehabilitation alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Indeed, rehabilitation is one of the goals of any incarceration. Thus, this type of behavior is not "extraordinary," but rather precisely what is expected. *See United States v. Bledsoe*, 2022 WL 3536493, at *2 (3d Cir. Aug. 18, 2022) (agreeing with the district court that the defendant's "claimed efforts in furtherance of rehabilitation, while commendable, are 'expected,' . . . they are, standing alone, neither 'extraordinary' nor 'compelling' for purposes of the compassionate-release standard . . ."). As such, Nguyen's rehabilitation efforts do not constitute the requisite "extraordinary and compelling reason" for early release. *Id.*; *see also Andrews*, 12 F.4th at 262 (affirming district court's finding that rehabilitation in addition to defendant's young age did not constitute compelling reasons for a sentence reduction).

Without much actual argument, Nguyen also appears to argue that the combination of the nonretroactive change to § 924(c) and his significant rehabilitation efforts together constitute "extraordinary and compelling reasons" for a sentence reduction. In support, however, Nguyen relies solely on decisions from courts outside of the Third Circuit and decisions that predate *Andrews*. Notably, however, Nguyen acknowledges that the Third Circuit in *Andrews* held "that the Section 924(c) stacking provision **when combined with** rehabilitation and the young age of the offender, was insufficiently compelling to award compassionate release." (Nguyen's Br., ECF

161, at p. 11) (emphasis added).  On this, he is correct.  In *Andrews*, the defendant relied on both the changes to § 924(c) and his rehabilitation to meet the requisite "extraordinary and compelling reasons."  *Id.* at 258.[7]  Notwithstanding the proffered combination of these reasons, the Third Circuit unequivocally affirmed the district court's determination that they were insufficient to constitute the requisite "extraordinary and compelling reasons."  *Id.* at 262.  For the same reasons, this Court finds the combination of Nguyen's proffered reasons—which individually do not constitute extraordinary and compelling reasons—do not meet the requisite extraordinary and compelling reasons for a sentence reduction.

Finally, Nguyen argues that the United States Supreme Court's recent decision in *Concepcion v. United States*, — U.S. —, 142 S. Ct. 1446 (2022), "undermines" the Third Circuit's decision in *Andrews*.  As noted by the Government, however, *Concepcion* does not concern the compassionate release statute.  Instead, it addresses sentence modification proceedings under Section 404 of the First Step Act of 2018, which made retroactive the changes to crack cocaine sentencing in the Fair Sentencing Act of 2010.  *See generally id.*  In *Concepcion*, the Supreme Court held that where a defendant is eligible for consideration for a lower sentence under Section 404, the court may consider information apart from the change in the sentencing calculation, including evidence of rehabilitation or Guidelines changes.  *Id.* at 2403–04.  Simply put, *Concepcion* did not involve the prerequisite "extraordinary and compelling reason" showing for compassionate release.

Indeed, a recent panel of the Third Circuit agreed that *Concepcion* did not alter *Andrews*:

> [T]here is no merit to Bledsoe's argument on appeal that *Andrews* was abrogated in part by *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (holding only "that the First Step Act allows district courts to consider intervening changes of law or fact

---

[7]    In fact, in *Andrews*, the defendant relied on a combination of six reasons to meet the "extraordinary and compelling" requirement.  *Id.* at 258.

9

> in exercising their discretion to reduce a sentence pursuant to the First Step Act"). *See United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022) ("*Concepcion* is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release."). In fact, *Concepcion* harmonizes with our acknowledgement in *Andrews* that, "[i]f a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors." 12 F.4th at 262.

*United States v. Bledsoe*, 2022 WL 3536493, at *2 (3d Cir. Aug. 18, 2022). As such, *Concepcion* provides Nguyen no support here.

**CONCLUSION**

For the reasons stated herein, Defendant's motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is denied. An Order consistent with this Memorandum Opinion will be docketed separately.

*NITZA I. QUIÑONES ALEJANDRO*, J.